UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21-cr-383 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| JAYLIN NORMAN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Jaylin Norman ("defendant" or "Norman") for a reduction of sentence, pursuant to 28 U.S.C. § 3582(c)(1)(A). (Doc. No. 33 (Motion).) As part of his motion, Norman requests the appointment of counsel. (*See id*. at 1.) Plaintiff United States of America (the "government") opposes the motion in its entirety. (Doc. No. 34 (Response).) For the reasons that follow, Norman's motion to reduce his sentence and for court-appointed counsel is denied.

On January 14, 2022, Norman pled guilty, with the benefit of a plea agreement, to one count of being a felon in possession of a firearm and/or ammunition, in violation of 18 U.S.C. § 922(g)(1). (Minutes of Proceeding [non-document], 1/14/2022; *see* Doc. No. 21 (Plea Agreement).) The plea agreement contained a broad waiver provision restricting Norman's appellate rights, including his right to take a direct appeal and a collateral attack of his sentence. (*See* Doc. No. 21 ¶ 19.) On May 23, 2022, Norman was sentenced to a term of imprisonment of 77 months. (Doc. No. 29 (Judgment); Minutes of Proceedings [non-document], 5/23/22.) He is

currently serving his sentence at Big Sandy USP and has an anticipated release date of February 28, 2027. (https://www.bop.gov/inmateloc/, last visited 9/11/2023).

Norman now seeks a reduction of his sentence "due to new changes in law[.]" (Doc. No. 33, at 1.) He suggests that his conviction under § 922(g)(1) is unconstitutional as it runs afoul of the Second Amendment to the United States Constitution. He requests that his sentence be "reduced, corrected, set aside, or vacate[d] with respect to the constitutionality of the charge." (*Id*. at 1.) He further requests that the § 922(g)(1) charge for which he was convicted be retroactively dismissed and/or his sentence be "recalculate[d.]" (*Id*. at 2.)

As the government correctly observes, a district court does not have the inherent power to resentence a defendant at any time. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996) (quotation marks and citations omitted); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify the sentence unless such authority is expressly granted by statute." (quotation marks and citation omitted)). Rather, any request for a sentence reduction must be explicitly permitted by statute or rule of court.

Norman seeks a compassionate release under the First Step Act ("FSA"), which allows a court to modify a sentence under certain circumstances. 18 U.S.C. § 3582(c)(1)(A). To be entitled to a reduced or modified sentence under § 3582(c)(1)(A), a petitioner must do the following: (1) exhaust his administrative remedies with the Bureau of Prisons ("BOP") prior to seeking relief, (2) demonstrate the existence of extraordinary and compelling reasons warranting release or a sentence reduction, and (3) show that the § 3553(a) sentencing factors favor the sentencing relief requested. *United States v. Jones*, 980 F.3d 1098, 1105–12 (6th Cir. 2020) (cleaned up). If any of

§ 3582(c)(1)(A)'s three prerequisites are missing, this Court may deny the compassionate-release motion without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

Citing to a recent unreported decision out of the Southern District of Mississippi, Norman maintains that the felon-in-possession statute under which he was convicted violates the Second Amendment. (Doc. No. 33, at 2 (citing *United States v. Bullock*, No. 3:18-cr-165, 2023 WL 4232309 (S.D. Miss. June 28, 2023)). He believes that the out-of-district case constitutes a change in the law and that his sentence should be reduced or recalculated to reflect this subsequent change. (*Id.*)

Assuming that Norman could clear the first hurdle of seeking compassionate release—demonstrating that he has exhausted his administrative remedies (of which there is no evidence in the record)—his motion would still fail because he cannot clear the second hurdle demonstrating the existence of "extraordinary and compelling reasons" for release or a sentence reduction under the statute. 18 U.S.C. § 3582(c)(1)(A)(i). It is well settled that non-retroactive changes in the law do not rise to the level of extraordinary and compelling reasons warranting a sentence reduction. *See United States v. McCall*, 56 F.4th 1048, 1065–66 (6th Cir. 2022) (non-retroactive changes in sentencing law were not extraordinary and compelling reasons for a compassionate release); *United States v. Jarvis*, 999 F.3d 442, 444–46 (6th Cir. 2021) (non-retroactive change to § 924(c) could not satisfy extraordinary and/or compelling requirement); *see also United States v. McKinnie*, 24 F.4th 583, 587 (6th Cir. 2022) (non-retroactive holding in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) did not constitute an extraordinary and compelling reason).

Even if a change in the law could serve as an extraordinary and compelling reason, the case

cited by Norman, *Bullock*, does not establish that such a change has occurred. *Bullock* was premised on the Supreme Court's 2022 ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, which altered the framework a court must follow when reviewing challenges to the Second Amendment. Specifically, in *Bruen*, the Supreme Court held that the government must show that any regulation on gun ownership is "consistent with this Nation's historical tradition of firearm regulation." – U.S. –, 142 S. Ct. 2111, 2126, 213 L. Ed. 2d 387 (2022).

In the year since *Bruen* was decided, federal criminal defendants and prisoners across the country have attempted to leverage the ruling in *Bruen* to contest their indictments charging, or convictions for, being a felon in possession of firearms and/or ammunition under 18 U.S.C. § 922(g)(1). The vast majority of courts to address the issue, including courts within the Sixth Circuit, have concluded that the ruling *Bruen* did not "overturn, re-write, or alter" the Supreme Court's prior determinations that convicted felons properly fell outside the scope of the Second Amendment's protection. *See United States v. Haywood*, No. 22-20417, 2023 WL 3669333, at *2–3 (E.D. Mich. May 25, 2023) (citing *District of Columbia v. Heller*, 554 U.S. 570, 625–26, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008) (holding that "[t]he Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes," and concluding that "longstanding prohibitions on the possession of firearms by felons" are "presumptively lawful")); *see, e.g., United States v. Bluer*, No. 22-cr-20557, 2023 WL 3309844, at *5–6 (E.D. Mich. May 8, 2023) (recognizing the "overwhelming consensus" that "*Bruen* is no barrier to a § 922(g)(1) prosecution" and collecting cases); *United States v. Davis*, No. 5:19-cr-159, 2023 WL 373172, at *2 (E.D. Ky. Jan. 24, 2023) ("*Bruen* did nothing to change the prohibition on the possession of firearms by felons, which remains well-settled law." (collecting cases)); *see also Bruen*, 142 S. Ct.

4

at 2126 (noting that the Court's decision in *Bruen* is "[i]n keeping with *Heller*").

In addition to the ruling in *Bullock*, the Court is only aware of one other decision that has enjoined enforcement of § 922(g)(1) following *Bruen*. Specifically, in *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 106 (3d Cir. 2023), a majority of the Third Circuit sitting en banc found that the government had failed to show that the Nation's historical tradition of firearms regulation supported depriving the petitioner, an individual with a prior felony conviction, of his right to possess a firearm.

Nevertheless, the clear weight of authority—including the Eighth Circuit's recent decision in *United States v. Jackson*, 69 F.4th 495, 501–02 (8th Cir. 2023) (concluding that, in light of the Supreme Court's assurances in *Heller* and *McDonald v. City of Chicago*, 561 U.S. 742, 786, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010), felon-in-possession bans are presumptively lawful)—remains in favor of enforcing § 922(g)(1). *See United States v. Nelson*, No. 2:22-cr-20512, 2023 WL 4249367, at *5 (E.D. Mich. June 29, 2023) (collecting cases). Norman has failed to provide any compelling or persuasive reason to deviate from the reasoning of these decisions in favor of two outlier out-of-district cases.[1] In accordance with the majority view, the Court finds that "the Supreme Court has been *consistently* clear that its Second Amendment jurisprudence has cast no doubt on the validity of the prohibitions on the possession of firearms by convicted felons." *United States v. Jordan*, No. 1:23-cr-159, 2023 WL 4267602, at *2 (N.D. Ohio June 29, 2023) (citing *Heller* and *McDonald* (emphasis in original)).

---

[1] While the Court believes that these two decisions were improperly decided, they are also distinguished on the ground that they both presented an "as applied" challenge to § 922(g)(1), whereas Norman presents only a facial challenge to the statute. *See, e.g., United States v. O'Connor*, No. 03-cr-134, 2023 WL 5542087, at *4 (W.D. Pa. Aug. 29, 2023) (distinguishing *Range* and *Bullock* on similar grounds).

Because Norman has failed to demonstrate the existence of an extraordinary or compelling reason to reduce his sentence, the Court's inquiry is at an end and Norman's request for a compassionate release and for the appointment of counsel is denied.[2] *See Elias*, 984 F.3d at 519.

**IT IS SO ORDERED**.

Dated: September 27, 2023

HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] To the extent Norman's pro se motion could be liberally construed as a motion, pursuant to 28 U.S.C. § 2255, to vacate (*see* Doc. No. 33, at 1 (requesting that his sentence be "reduced, corrected, set aside, or vacate[d]")), it would be denied for all the reasons set forth above. Additionally, any such motion would be barred by the waiver provision in the plea agreement that barred collateral attacks, including motions to vacate under § 2255. (*See* Doc. No. 21 ¶ 19.) The Sixth Circuit has consistently held that plea agreement waivers of the right to appeal, including the right to bring motions under § 2255, are generally enforceable. *See Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018). Even after a change of law—which the Court finds did not occur with respect to § 922(g)(1) convictions—such waivers remain enforceable. *See Portis v. United States*, 33 F.4th 331, 337 (6th Cir. 2022).